[Cite as *In re J.A.M.V.*, 2013-Ohio-2502.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| J.A.M.V. | ) | |
| | ) | CASE NO. 12 HA 3 |
| | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common Pleas, Probate Division of Harrison County, Ohio
Case No. 20126005

JUDGMENT:    Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee    Ashley Roberts
38450 Allensworth, Apt. 9
Scio, Ohio 43988

For Defendant-Appellant    Geoff Violet
64459 Sandhill Road
Bellaire, Ohio 43906

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 14, 2013

DONOFRIO, J.

{¶0} Appellant, Geoff Violet, appeals from a Harrison County Probate Court judgment denying his application to change the name of his son.

{¶1} Appellant and appellee, Ashley Roberts, are the biological parents of the child at issue. They were a couple for a while but were never married. At the time of the child's birth, the parties were together. On the child's original birth certificate, the child's first name was "Gacek." According to appellant, the "G" was in honor of his first name "Geoff." According to appellee, appellant pressured her to use a "G" instead of a "J" in order for the name to be different. She stated that she agreed to this spelling in order to keep peace in their household but always wanted the name "Jacek" as spelled in a baby book that described "Jacek" as "healer."

{¶2} A few months after the child's birth, the parties broke up. Appellee then contacted the Health Department and Bureau of Vital Statistics. She learned she could have the birth certificate corrected for a misspelled name without filing a change of name application with the probate court. Consequently, when the child was approximately five months old, appellee "corrected" his birth certificate to "Jacek." She did this without informing appellant.

{¶3} On May 1, 2012, appellant filed an application for change of name of minor. He requested that the probate court change his son's name from "Jacek Allen Matthew Violet" to "Gacek Allen Matthew Violet." For cause, appellant alleged his son's birth name was Gacek but appellee changed it from Gacek to Jacek asserting that it was a misspelling on the birth certificate. Appellant stated that to return to the name Gacek was in his son's best interest and promoted a better relationship between parent and child by improving the identity with the father.

{¶4} The probate court held a hearing on appellant's application where it heard testimony from both parties. Appellant was represented by counsel. Appellee appeared pro se. The court overruled the application for name change. It based its decision on the best interest of the child and its finding that Ohio law grants an unwed mother some prerogative over the naming of a child over the objection of an unwed father.

**{¶5}** Appellant filed a timely notice of appeal on July 19, 2012.

**{¶6}** Appellee has failed to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain that action. App.R. 18(C).

**{¶7}** Appellant, now acting pro se, raises a single assignment of error that states:

> THE COURT ERRED IN FINDING THAT THE MOTHER SOUGHT TO ONLY CHANGE THE SPELLING OF THE SAID CHILD'S NAME FROM "GACEK ALLEN MATTHEW VIOLET" TO "JACEK ALLEN MATTHEW VIOLET."

**{¶8}** Appellant argues that appellee admitted she agreed to the name as originally spelled on the birth certificate. He contends appellee intentionally misled the Health Department and Bureau of Vital Statistics. Appellant also asserts appellee did not give him notice that she was changing the name as stated on the birth certificate.

**{¶9}** We review a trial court's decision on whether to grant a name change for abuse of discretion. *Evangelista v. Horton*, 7th Dist. No.08-MA-244, 2011-Ohio-1472, ¶63. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶10}** Either of a minor child's parents may make an application for change of name on behalf of the minor. R.C. 2717.01(B). The court may order the name change upon proof that proper notice was given and if the facts set forth in the application show reasonable and proper cause for changing the name. R.C. 2717.01(A).

**{¶11}** In determining whether to permit a name change for a minor child the court shall consider the best interest of the child in determining if reasonable and proper cause has been established. *In re Willhite*, 85 Ohio St.3d 28, 706 N.E.2d 778

(1999), at paragraph one of the syllabus. In making the best interest determination, the trial court should consider:

> [1] the effect of the change on the preservation and development of the child's relationship with each parent; [2] the identification of the child as part of a family unit; the length of time that the child has used a surname; [3] the preference of the child if the child is of sufficient maturity to express a meaningful preference; [4] whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; [5] parental failure to maintain contact with and support of the child; and [6] any other factor relevant to the child's best interest.

*Id.* at paragraph two of the syllabus, following *Bobo v. Jewell*, 38 Ohio St.3d 330, 528 N.E.2d 180 (1988), paragraph two of the syllabus, and *In re Change of Name of Andrews*, 235 Neb. 170, 454 N.W.2d 488 (1990).

**{¶12}** In this case, the probate court found the notice was proper and appellant properly requested the name change. It then went on to examine the best interest factors.

**{¶13}** First, the court found that the child used the name "Gacek" from birth until he was approximately five months old. Therefore, it reasoned, the child had no memory of that spelling. It found that he has used "Jacek" for the last three years and appellee testified that the child recognizes the current spelling of his name. Accordingly, the court found there may be some adjustment if his name was changed.

**{¶14}** Second, it found that due to the child's young age of three-and-a-half, he could not express a meaningful preference.

**{¶15}** Third, the court found that both appellant and appellee love the child and the spelling of his name would not affect their relationships with him.

**{¶16}** Fourth, the court noted that the factor having to do with surnames did not apply here.

**{¶17}** Finally, the court found this was an issue between the parents. It noted that appellant contends appellee changed the child's name to spite him whereas appellee contends she just wanted the proper spelling of the name and left the middle name of "Allen" and the surname of "Violet" to honor appellant. The court found that with the child sharing both the father's middle name and surname, it could not find that the father-son bond would be enhanced or hindered by the current spelling of "Jacek" as the father unconditionally loves his son.

**{¶18}** The court concluded by noting that Ohio law grants an unwed mother some prerogative of the naming of a child over the objection of an unwed father.

**{¶19}** The parties testified at the hearing as follows.

**{¶20}** Appellee stated that she chose the name "Jacek Allen Matthew" for the child. (Tr. 7). And she stated there was no question his last name would be "Violet." (Tr. 7-8). She testified that she and appellant argued over the spelling while in the hospital because appellant wanted the name to start with a "G" like his name and she wanted it spelled the proper way with a "J." (Tr. 7-8). She stated that she found the name in a book and it meant "healer." (Tr. 8).

**{¶21}** Appellee testified that at some point she sought to change the child's name so that it would be spelled correctly. (Tr. 9). She stated that she contacted the "Columbus office" and was told to file an affidavit of correction of the birth record. (Tr. 9-10). Appellee clarified by stating that the Health Department told her that because appellant never signed the birth certificate, she could unilaterally make changes to it. (Tr. 16).

**{¶22}** Appellee acknowledged that she changed the spelling of the child's name without notifying appellant. (Tr. 13). She stated that "Jacek" is the child's name. (Tr. 14). As to "Gacek," appellant stated: "That's not what I named him. That's not what I wanted it to be. I saved an argument, did it and then changed it when I was told that I could do so." (Tr. 14). Appellee also testified that the child

recognizes his name as "Jacek."  (Tr. 13).

**{¶23}** Appellant testified that he and appellee selected the child's name together from name books.  (Tr. 19).  He stated that they liked the name "Jacek" but they changed it to start with a "G" so it would be like his name "Geoff."  (Tr. 19).  According to appellant, appellee agreed to this spelling.  (Tr. 19).  He stated that the spelling "Gacek" was intentional and was not a mistake or error on the birth certificate.  (Tr. 20).  And he testified that appellant changed the name to "Jacek" without his consent.  (Tr. 20).

**{¶24}** As to his relationship with the child, appellant testified that he spends every other weekend, every Wednesday, and four weeks in the summer with him.  (Tr. 21).  And he stated he is current in his child support.  (Tr. 21).  He testified that it was important to him that the child's name begins with a "G" because appellant changed it out of spite.  (Tr. 21).  He believed that it was important to the child that his name started with the same letter as his father's name so that the child would know that the "G" came from him.  (Tr. 22).  Appellant stated that selecting "G" for his child's first name was a way of honoring him.  (Tr. 23).

**{¶25}** On cross examination, appellant admitted that the child received his middle name "Allen" and his last name "Violet."  (Tr. 24).

**{¶26}** The statutory best interest factors do not weigh heavily in toward either side.  As to the first best interest factor, both parents enjoy a strong relationship with the child.  This will not be affected in any way whether the child's name begins with a "J" or a "G."  As to the second factor, the child has used the name "Jacek" for approximately the last three of his three-and-a-half years.  And because this case deals with the child's first name, as opposed to his surname, either spelling of his first name will not affect the identification of the child as a part of a family unit.  As to the third factor, as the trial court found, because of the child's young age, he cannot express a meaningful preference as to whether his name starts with a "J" or a "G."  The fourth factor does not apply because it deals with surnames.  As to the fifth factor, appellant has maintained contact and support of the child.

**{¶27}** But because appellee lied to the Health Department in order to change the child's name, we must conclude that the trial court abused its discretion in denying appellant's motion for a name change. Appellee admitted that she agreed with appellant to spell their child's name with a "G" in order to "save an argument." She stated that she filed an affidavit of correction of the birth record, in order to correct an error. But because appellee agreed to the spelling "Gacek" when the child was born, there was no spelling or clerical error to correct on the birth certificate. Thus, appellee intentionally misled the Health Department so that she could unilaterally change the spelling of her son's name.

**{¶28}** Therefore, trial court abused its discretion in denying appellant's application to change the spelling of his son's name. Accordingly, appellant's sole assignment of error has merit.

**{¶29}** For the reasons stated above, the trial court's judgment is hereby reversed. The matter is remanded to the trial court to change the spelling of the child's name from "Jacek" to "Gacek."

Vukovich, J., concurs.

DeGenaro, P.J., concurs.